[L. A. No. 5330. Department One.—March 31, 1920.]

## A. J. KERFOOT et al., Appellants, v. H. H. SCHUTZ, Respondent.

[1] CONTRACT—DRILLING WELL—ACTION FOR BREACH—EVIDENCE.—In an action for damages on account of the alleged failure of the defendant to perform in a workmanlike manner a contract for the drilling of a water well, it was not enough to meet the burden of proof resting upon the plaintiffs to show merely that after a certain lapse of time following the completion of defendant's work the well was not in a serviceable condition, but it was essential that plaintiffs should show this condition to be the result of a breach by the defendant of the terms of his contract.

[2] ID.—CAUSE OF DEFECTS—PLEADING—FINDING.—Where in such an action the issue was joined by the pleadings as to whether there were any crooks or bends in the well casing, and if there were, whether they were caused by an unworkmanlike construction of the well, a finding that the manner in which the defendant filled and tamped the earth in digging the well "did not bring about or cause the bends or crooks in the casing of said well" was directed clearly to such issue.

[3] ID.—CARELESS ACTS OF PLAINTIFF—FINDING IMMATERIAL.—A finding in such an action that the careless and reckless acts of plaintiffs in installing and removing the pump were the sole cause of the bends and twists in the casing of the well was not essential to the judgment, and therefore immaterial, whether within the issues presented by the pleadings or not.

[4] ID.—RESPONSIBILITY FOR DAMAGE—CONFLICT OF EVIDENCE—FIND-
ING—APPEAL.—In such an action, the finding on the issue of
responsibility for the damage will not be disturbed on appeal where
made upon conflicting evidence.

APPEAL from a judgment of the Superior Court of
Kern County. Milton T. Farmer, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. W. Kaye and Kaye & Siemon for Appellants.

E. F. Brittan and Anderson & Borton for Respondent.

LAWLOR, J.—Plaintiffs appeal from a judgment in
favor of defendant. The action was for damages on ac-
count of the alleged failure of the defendant to perform a
contract for the drilling of a water well.

On the eighteenth day of August, 1914, plaintiffs were the
owners of certain land which they desired to bring under
cultivation for horticultural purposes by the development
of water wells. At that time the defendant had been en-
gaged in the business of drilling water wells in Kern
County for a number of years. With a view to carrying
out the plans of the plaintiffs relating to the improvement
of the land mentioned, the defendant entered into a con-
tract in writing with the plaintiffs for the drilling of one
well, which contract is set forth as an exhibit attached to
the complaint in this action. The agreement shows that it
is one by which defendant agrees to drill a water well upon
land belonging to plaintiffs and to sink such well in a work-
manlike manner. It was stipulated that plaintiffs might
make tests to determine the water producing capacity of
the well, and a limited time was fixed for the completion of
the work.

The only specification of breach upon which appellants
rely in their printed brief is alleged in the complaint as
follows: "The said well for the depth of about 115 feet is
crooked, and the casing inserted therein varies from a per-
pendicular position to such an extent that it is impossible
to insert pumping machinery in said well for the purpose
of pumping water therefrom." On this appeal it is con-
tended (1) that the findings of fact made by the trial court

are outside of the issues, and (2) that there is no evidence to support the findings. Findings VIII and XII are respectively that the manner in which the defendant filled and tamped the earth in digging the well "did not bring about or cause the bends or crooks in the casing of said well," and "that the careless and reckless acts of plaintiffs . . . in installing and removing said · pump were the sole cause of such bends and twists in the casing in said well."

[1] It was not enough to meet the burden of proof resting upon plaintiffs to show merely that after a certain lapse of time following the completion of defendant's work the well was not in serviceable condition. It was essential that plaintiffs should show this condition to be the result of a breach by the defendant of the terms of his contract. The allegation of the complaint quoted above, upon which plaintiffs rely, was denied by the defendant. The issue was thus joined as to whether there were any crooks or bends in the well casing, and if there were, whether they were caused by an unworkmanlike construction of the well. [2] Finding VIII was directed clearly to this issue. [3] It is not necessary to decide whether finding XII is outside of the issues presented by the pleadings because it was not essential to the judgment. So much for the issues in the pleadings. Appellants also attack these findings upon the ground they are not supported by the evidence. One A. 'G. Miller, an agent of the corporation which undertook in behalf of plaintiffs to install a pump in the well after the completion thereof by defendant, was called by the plaintiffs and testified in part as follows: "We made an examination or test before we put the pump down, to determine whether the well was plumb, only by a mirror. We noticed the well was straight as wells ordinarily are before we put the pump in." This testimony was elicited on cross-examination and was not controverted. Plaintiffs were suing defendant for breach of contract. Their witnesses testified that the well shortly after being completed by defendant—after plaintiffs had inserted and operated their pump—was not in proper and workmanlike condition. The defendant offered the above-quoted testimony to prove that this condition was not the result of any breach by him of the contract. The plaintiffs introduced other testimony to

show that the improper manner in which the earth was tamped and filled in by defendant *was* the cause of the defects in the well. [4] The issue of responsibility was thus presented, the court decided it upon conflicting evidence, and the finding will not, therefore, be disturbed.

Appellants' chief point is that there is "not a shred of evidence" to support finding XII that the unserviceable condition of the well was the result of the plaintiffs' negligence. Even if this were true, it would not justify a reversal of the judgment, which, as we have said before, rests upon finding VIII that the defects were not the result of negligence on the part of defendant.

The judgment is affirmed.

Olney, J., and Shaw, J., concurred.

Hearing in Bank denied.

All the Justices concurred, except Shaw, J., and Wilbur, J., who were absent.